UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JULAINE FOSTER, | Case No. 1:06-cv-513 |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | Magistrate Judge Carmody |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**Order Adopting R&R and Terminating Case**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a non-binding Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL 95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The docket sheet indicates that the R&R issued on Wednesday, August 15, 2007 and was electronically served on counsel for both parties on that date.

Federal Rule of Civil Procedure 6 begins, "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Thus, the ten-day objection period began on Thursday, August 16, 2007.

The tenth day fell on Saturday, August 25, 2007, but Federal Rule of Civil Procedure 6 also provides, "The last day of the period so computed shall be included, *unless it is a Saturday, a Sunday, or a legal holiday* . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Emphasis added. Thus, the ten-day period for filing objections expired at midnight on Monday, August 27, 2007.

Neither party filed objections before that time, so this court is not obligated to review the R&R's merits. *See Johnson v. Comm'r of Soc. Sec.*, No. 5:05cv2155, – F. Supp.2d –, 2007 WL 2292440, at *1 (N.D. Ohio Aug. 7, 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.") (Gwin, J.); *Tangwall v. Robb*, No. 01-10008-BC, 2003 WL 23142190, at *1 (E.D. Mich. Dec. 23, 2003) (Lawson, J.) (where party's objections to R&R were untimely, court stated, "[T]he failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion [considered in the R&R].").

In any event, the record does not show the R&R to be clearly erroneous. *See Nelson v. Smith*, 618 F. Supp. 1186, 1190 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that

there is no clear error on the face of the record.") (citing FED. R. CIV. P. 72, Advisory Committee Notes).[1]  For the reasons explained by the R&R, substantial evidence supported the ALJ's determination that none of Foster's four severe impairments – medial meniscus tears of the left knee, a history of bladder-repair surgery with urinary incontinence, degenerative disc disease of the lumbar spine, and adjustment disorder with mixed anxiety and depressed mood – rendered her disabled, either singly or in combination, before her insured period expired on December 31, 2003.

Accordingly, having reviewed the pleadings and the parties' briefs, the court hereby

---

[1]

Supreme Court precedent suggests that absent timely objections, even clear-error review of a Report and Recommendation may be unnecessary.  Accordingly, numerous district judges in our circuit routinely adopt R&Rs without written analysis where the parties have not timely objected:

> "It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings."  * * *  Because neither party filed timely objections to Magistrate Judge Pepe's Report and Recommendation . . . this Court need not conduct a review.

*Brown v. US*, No. 06-14087, 2007 WL 2156283, at *1 (E.D. Mich. July 25, 2007) (Gadola, J.) (quoting *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).  *See also:*

*Hart v. Ridge Tool Co.*, No. 1:06cv780, – F. Supp.2d –, 2007 WL 1983688, at *2 (N.D. Ohio July 5, 2007) (Nugent, J.);

*US v. Thornton*, No. 6:06cv459, – F. Supp.2d – , 2007 WL 1742160, at *1 (E.D. Ky. June 12, 2007) (Reeves, J.);

*US v. Stone*, No. 06cv86, – F. Supp.2d –, 2007 WL 1610499, at *1 (E.D. Ky. May 31, 2007) (Forester, J.);

*Powell v. Comm'r, Ky. Dep't of Corrs.*, No. 5:06cv32, 2007 WL 756363, at *1 (E.D. Ky. Mar. 8, 2007) (Hood, J.);

*Montalvo v. GMC*, No. 3:04cv7778, 2006 WL 1888704, at *1 (N.D. Ohio July 7, 2006) (Zouhary, J.) ("Neither party objected to the Magistrate's Report. * * * Thus, the Court declines to review the Magistrate's report.").

**ADOPTS** the R&R [docket #11] and **AFFIRMS** the Commissioner's decision.

This case is **TERMINATED.**

**This order is final, but it is not appealable.** *See Harris v. Detroit Pub. Schs.*, No. 06-1476, – F. App'x –, 2007 WL 2050645, at *4 n.6 (6th Cir. July 13, 2007) ("[A] party's failure to object to the recommendations of a magistrate judge constitutes a waiver of the right to appeal.") (citing *US v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981)).[2]

**IT IS SO ORDERED this 30th day of August 2007.**

/s/ Paul L. Maloney

———————————————

Honorable Paul L. Maloney
United States District Judge

---

[2]

*See, e.g., Ramjit v. Moore*, No. 06-3784, – F. App'x –, 2007 WL 1958628, at *1 (6th Cir. July 2, 2007) ("respondent waived this issue due to his failure to object on this ground to the magistrate judge's report and recommendation") (citing, *inter alia*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985));

*Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006) ("Frontier did not file an objection to the default entry within ten days of the magistrate's report and recommendation. * * * Frontier's silence constitutes a waiver of the right to appeal the entry of default.");

*US v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) ("Sullivan failed to file objections to the magistrate judge's findings with the district court and, as a result, has waived any challenge to the district court's denial of his motion to suppress the identification evidence.");

*Adkins v. United Mine Workers of America*, No. 93-6386, 61 F.3d 903, 1995 WL 44630, at *3 (6th Cir. July 25, 1995) ("Because the plaintiffs did not file written objections to the magistrate's order within ten days, they have waived appellate review of this issue.") (citing *Thomas*, 474 U.S. at 155, and *Willis v. Sullivan*, 931 F.2d 390, 400-01 (6th Cir. 1991)).